IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UINTAH COUNTY, UTAH, and UINTAH COUNTY BOARD OF COMMISSIONERS,<br><br>Plaintiffs,<br><br>v.<br><br>KEN SALAZAR, in his official capacity as SECRETARY OF THE INTERIOR, *et al.*,<br><br>Defendants,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*,<br><br>Intervenor - Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:10-cv-0970-CW<br><br>Judge Clark Waddoups |

Before the court is a motion by Southern Utah Wilderness Alliance, et al. ("SUWA") to intervene in the underlying litigation.  (Dkt. No. 17.)  SUWA argues that the court should grant intervention by right under Fed. R. Civ. P. 24(a).[1]  The Tenth Circuit has summarized the requirements for intervention as of right as: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded; and (4) the applicant's interest is not adequately represented by existing parties."  *United States v. Albert Inv. Co.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (internal citations omitted).[2]

---

[1] Because the court grants the motion on the basis of Rule 24(a), a consideration of Rule 24(b) is moot.
[2] Before addressing the prongs necessary for an intervention of right, it is important to first note that the question of intervention does not implicate SUWA's standing.  The Tenth Circuit has held that "parties seeking to intervene under Rule 24(a) or (b) need not establish Article III standing so long as another party with constitutional

1

The other parties involved in this litigation have raised little objection to this motion, if any. No concern is raised that the motion was raised in an untimely fashion or would otherwise prejudice Plaintiffs. *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) ("The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner.") (citations omitted). Nor have Plaintiffs objected to SUWA's stated interests, or that its interest may be impaired or impeded.[3] The only challenge proffered is whether SUWA's interest is adequately represented by the existing parties. *See* (Pls.' Resp. SUWA Mot. Intervene, 2) (Dkt. No. 23.)

The burden to show that the representation by the existing parties may be inadequate is minimal. *See Utah Ass'n of Counties*, 255 F.3d at 1254. Indeed, "[t]he possibility that the interests of the applicant and the parties may diverge need not be great." *Id.* (internal citations omitted). SUWA has made this showing by noting that their interest and the government's interest may not always align. It is true that the government has an obligation "to represent not only the interest of the intervenor but the public interest generally." *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009). Thus, even though the government may have "defended [the 2003 Settlement] aggressively" and "worked to implement it across the nation,"[4] the Tenth Circuit has "recognized that government policy may shift." *WildEarth*, 573

---

standing on the same side as the intervenor remains in the case." *San Juan County v. United States*, 503 F.3d 1163, 1172 (10th Cir. 2007).

[3] The Tenth Circuit has required that "the interest in the proceedings be direct, substantial, and legally protectable." *Coalition of AZ/NM Counties for Stable Economic Growth v. Babbitt*, 100 F.3d 837, 840 (10th Cir. 1996). It appears that the "legally protectable" standard requires a cognizable interest as required under an injury-in-fact analysis, less the injury itself. *Id.* (stating that the Supreme Court's language in *Lujan v. Defenders of Wildlife* – that a desire to use or observe an animal species, even for purely esthetic purposes, is undeniably a cognizable interest for purposes of standing – bolsters the conclusion that the underlying interest was legally protectable.). Thus, although SUWA may not have standing themselves, their interest is adequately stated to intervene in this action.

[4] (Pls.' Resp. SUWA Mot. Intervene, 2.)

2

F.3d at 997.  Accordingly, because of the real "possibility of divergence of interest," this prong of inadequate representation is met. *See id.* at 996.

## **CONCLUSION**

For the reasons stated herein, SUWA's motion to intervene is GRANTED.

DATED this 7th day of April, 2011.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge
