JOHN E. SWALLOW #5802
Chief Deputy Attorney General
HARRY H. SOUVALL #4919
ROGER F. FAIRBANKS #3792
Assistant Attorney General
MARK L. SHURTLEFF #4666
UTAH ATTORNEY GENERAL
5110 State Office Building
P.O. Box 142477
Salt Lake City, UT 84114-2477
Telephone:  (801) 538-9687
Fax:  (801) 538-9727
jswallow@utah.gov
hsouvall@utah.gov
rfairbanks@utah.gov
   *Attorneys for Plaintiff*

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UINTAH COUNTY, UTAH, a Utah political subdivision; UINTAH COUNTY BOARD OF COMMISSIONERS; and UTAH ASSOCIATION OF COUNTIES, on behalf of its impacted members, including named member Uintah County,<br><br>Plaintiffs,<br><br>vs.<br><br>KEN SALAZAR, in his official capacity as SECRETARY OF THE INTERIOR; *et al.*<br>Defendants, and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*,<br><br>Defendant-Intervenors. | MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>Case No. 2:10-cv970-CW<br>Case No. 2:11-cv-391-CW<br>(consolidated)<br><br>Judge  Clark Waddoups<br>Magistrate Judge Samuel Alba |

|  |  |
|---|---|
| STATE OF UTAH,<br><br>      Plaintiff,<br><br>vs.<br><br>KEN SALAZAR, in his official capacity as Secretary for the Department of Interior; the DEPARTMENT OF THE INTERIOR, an agency of the United States of America; ROBERT V. ABBEY, in his official capacity as Director for the Bureau of Land Management; and the BUREAU OF LAND MANAGEMENT, an agency of the United States of America,<br><br>      Defendants.<br><br>      SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*,<br><br>      Defendant-Intervenors. |  |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff State of Utah, by and through counsel, respectfully submits the following memorandum of points and authorities in support of its Motion for Leave to File an Amended Complaint. The Proposed Amended Complaint is attached hereto as Exhibit A.

## STATEMENT OF ISSUES AND FACTS

1. Utah Association of Counties ("UAC") filed its First Amended Complaint on March 22, 2011. UAC's Complaint challenges *inter alia* (1) the Federal Defendants' adoption of

Secretarial Order 3310 ("Order 3310"), *Protecting Wilderness Characteristics on Lands Managed by BLM* (December 22, 2010) as *ultra vires* and an improper repudiation of the Utah Wilderness Settlement Agreement, reached between the U.S. Department of the Interior ("DOI") and the State of Utah, Utah School and Institutional Trust Lands Administration and the Utah Association of Counties. Case No. 2:96CV0870B (D. Ut.); (2) *de facto* wilderness management of Utah public lands said to have wilderness character; (3) the adoption of mineral leasing reform measures through internal guidance rather than rulemaking; and (4) Defendants' failure to follow mandatory procedures for amending land use plans, coordination with state and local governments, and National Environmental Policy Act (NEPA).

2.  Plaintiff State of Utah filed its Complaint on April 29, 2011 (Dkt. No. 2), challenging the issuance and implementation of Secretarial Order 3310 on the basis that (1) DOI lacks the authority to create new wilderness study areas (WSAs); and (2) DOI adopted the Order 3310 and the accompanying implementing manuals without rulemaking and without revising the land use plans that apply to the affected public lands. The Utah action challenges Order 3310 as substantively and procedurally unlawful.

3.  Upon motion, the two cases were consolidated on June 1, 2011. (Dkt. No. 40).

4.  The Federal Defendants and Defendant-Intervenors filed their respective motions to dismiss and supporting memoranda on July 8, 2011 (Dkt. Nos. 66, 68, 69-70).[1] Pursuant to Fed. R. Civ. P. 12(b)(1), both the Federal Defendants and Defendant-Intervenors moved to dismiss the Plaintiffs' complaints in their entirety for lack of subject matter jurisdiction. In the alternative, the Federal Defendants and Defendant-Intervenors moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted.

---

[1] Errata filed by Defendant-Intervenors on July 29, 2011 (Dkt. No. 75).

5. The Federal Defendants contend that Plaintiffs' causes of action should be dismissed for failure to meet federal jurisdictional requirements. Specifically, Defendants claim that Plaintiffs (1) lack standing;[2] (2) have failed to challenge a discrete final agency action under the judicial review provisions of the Administrative Procedure Act (APA), 5 U.S.C. §§701-06; (3) their claims are not ripe for review; and (4) the Settlement Agreement at issue is not judicially enforceable and the United States has not waived sovereign immunity for claims for non-monetary relief for breach of contract. *See* Dkt. Nos. 66, 68.

6. On September 30, 2011, Plaintiffs filed a Combined Motion for Jurisdictional Discovery and to Extend the Time to Respond the Defendants' Motion to Dismiss. (Dkt. Nos. 82, 83). Defendants filed an Opposition thereto. (Dkt. No. 97).

7.Given the issues raised in Defendants' Opposition, Plaintiff State of Utah has chosen to file a separate Reply in Support of Motion for Jurisdictional Discovery. Contemporaneous with that Reply, Utah has prepared and hereby files this Proposed Amended Complaint. The purpose of this Amended Complaint is to add additional facts showing immediate harm from the implementation of Order 3310, to allege a cause of action for continued implementation of Order 3310 and/or other form of Wilderness Management [why is this capitalized?] know as unlawful wilderness creation and management occurring both before and since enactment of Order 3310 and its subsequent suspension. In addition, the Amended Complaint contains additional facts

---

[2] BLM argues that the "three types" of injuries alleged by Plaintiffs as a basis for their standing are insufficient under Article III to pursue their claims, which include challenges to the *de facto* wilderness policy, Secretarial Order 3310, the MLP policy, and the designation of "natural areas" in the Utah RMPs. Defendants characterize these injuries as follows: (1) the potential loss of royalty revenue due to decreased oil and gas development, which will affect the Counties' ability to perform governmental functions on behalf of their citizens; (2) potential effects on the Counties' ability to use and maintain R.S. 2477 rights-of-way on federal land, and (3) potential effects on development projects that benefit the Counties. BLM Motion to Dismiss

and allegations surrounding events occurring since the filing of this action. Finally, the Amended Complaint details facts surrounding allegations of continued unlawful wilderness creation and management as applied to oil and gas leasing, Title V right-of-way applications being delayed or denied and denial of requests by the State of Utah and Carbon County, Utah to conduct sage-grouse habitat mitigation, as detailed in the attached declarations of John Harja, Robert Turri, and Rex Sacco (all of which were attached to the Motion and Memorandum in Support of Motion for Jurisdictional Discovery).

## LEGAL STANDARD AND ARGUMENT

In the absence of a good reason, leave to amend must be freely given. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Polin v. Dun & Bradstreet, Inc.*, 511 F.2d 875, 877 n.3 (10th Cir. 1975). It is the policy of the Federal Rules of Civil Procedure and the Tenth Circuit to liberally grant motions for leave to amend so that a case may be fully decided on the merits. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (stating that the purpose of Rule 15(a) is to "provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties.").

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted)*; see also First City Bank, N.A. v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132 (10th Cir. 1987) (citing *Foman* and

---

at 15-16.

listing the reasons to deny a motion to amend).


A.  Amendment Should Be Allowed to Specify Facts Surrounding the Harm Suffered by the State of Utah's as a Result of the Implementation of Order 3310 and BLM's Unlawful Wilderness Management.

This Court should allow the State of Utah to file an Amended Complaint because the Proposed Amended Complaint includes updated allegations regarding implementation of Order 3310 and other forms of unlawful wilderness creation and management, thereby addressing arguments of standing and injury-- points raised in Defendants' Memoranda in Support of their Motions to Dismiss.  (*See* Dkt. No. 68).

Specifically, the Amended Complaint incorporates the allegations and declarations attached to the Motion for Jurisdictional Discovery regarding implementation of Order 3310 and other forms of unlawful wilderness management as it relates to withdrawal of oil and gas leases in 2010 due to the "Red Rock Wilderness bill."  The withdrawal of those leases has resulted in direct harm and injury to the State of Utah through reduced revenues and bonus payments owed to Utah under the Mineral Leasing Act.  Additionally, the declarations establish harm to the State's ability to manage roads and wildlife.  For instance, the declarations include an admission by a local BLM office employee in San Juan County that the office is operating under direct order from Washington *not* to process any Title V right-of-way permit applications in areas subject to the Red Rock bill.  The declarations also establish BLM's refusal to allow sage grouse habitat mitigation in Carbon County, which was initially barred due to Order 3310 and later continued under some unwritten standard of Wilderness not recognized in any policy or planning document.  In essence, the Defendants are continuing implementation of Order 3310 through a policy of inaction in areas previously subject to Order 3310.

This amendment should be allowed because the United States has challenged the State of Utah's lawsuit on the ground that Utah has failed to allege sufficient harm and therefore lacks standing. The Amended Complaint specifies the State's injuries in fact, thereby clarifying its standing under Article III of the Constitution: the Amended Complaint alleges project level harm (1) directly to the State's proprietary interests in its revenues from bonus payments under the Mineral Leasing Act, and (2) to its ability to manage and maintain roads and wildlife management. These injuries provide standing to the State of Utah to challenge Order 3310 and Defendants' other unlawful wilderness management practices on both procedural and substantive grounds. *See Summers v. Earth Island Institute*, 555 U.S. 488 (2008). (I'd include a statement of what this case holds).

B.  Amendment Should Be Allowed to Specify Why the Continuing Resolution Does Not Bar Judicial Review of Order 3310.

The Amended Complaint also addresses the question of whether the continuing resolutions of Congress that have temporarily defunded Order 3310 constitute a reason for this Court to refrain from exercising jurisdiction. They do not; thus, the amendment should be allowed.

Congress first passed a continuing resolution in April 2011 that defunded the implementation of Order 3310. Iinstead of withdrawing the Order at that time, the Department of Interior remained silent for two months. When the Department of Interior finally addressed the Congressional ban on using funds to implement Order 3310, the Secretary's announcement that Order 3310 would not be implemented was specifically tied to the defunding of the Order, which was set to expire on September 30, 2011. That expiration was extended for 4 days, then

one week, then one and one half months.  The new date after which defunding expires is November 18, 2011.  This continued short extension of time for defunding does not constitute a reason to deny amendment or avoid judicial review.  Indeed, a reading of the Secretarial response to the Continuing Resolution could lead to the conclusion that Order 3310 will be implemented as soon as the funding is restored.  Given the possibility of its restoration and the refusal of the Secretary or DOI to withdraw or abandon Order 3310, the State of Utah's amendment should be allowed.

    C.  <u>Amendment Should Be Allowed to Assert a Cause of Action for Continuing Unlawful Wilderness Management</u>.

In addition, the Amended Complaint makes new allegations of continued implementation of Order 3310 or a similar area-wide policy of unlawful wilderness management based upon political considerations related to implementing the Red Rock Wilderness bill.  This unlawful management has occurred without any public process or planning, as required by NEPA, FLPMA, and the APA.

The Amended Complaint makes more detailed allegations of harm.  These include on-the-ground harms of denial of all, or nearly all, leasing parcels in lands subject to the Red Rocks Wilderness bill, and unreasonable delays and denial of Title V rights-of-way applications in Uintah and San Juan Counties.  In the case of the San Juan County roads, the denials are based expressly upon instructions from the Washington Office of the BLM to deny any applications or permits in areas subject to the Red Rock Wilderness bill.  In addition, the BLM continues to not only inventory for wilderness lands in direct violation of WHAT?, but actually and unlawfully implements wilderness management through its continuation of Order 3310 in violation of

FLPMA and other laws as detailed in the Complaint. The policy manuals issued in conjunction with Order 3310 are nearly identical to the 1980s manuals for identification of wilderness and management actions, constituting a major change in current BLM plans without amendment or process under NEPA, FLMPA, or the APA.  This Court should allow the filing of this Amended Complaint in the interests of justice to prevent BLM from acting beyond its authority and to allow the State of Utah to fully assert its claims, injuries, and prayer for relief.

## CONCLUSION

For the above reasons, the State of Utah respectfully requests that this Court grant this Motion for Leave to File an Amended Complaint and accept the First Amended Complaint.

Dated this 3rd day of November, 2011

/s/ *Harry H. Souvall*
HARRY H SOUVALL
ROGER FAIRBANKS
Assistant Attorneys General
JOHN O. SWALLOW
Chief Deputy Attorney General
Utah Attorney General's Office
Attorneys for the State of Utah

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Memorandum in Support of Motion for Leave to File Amended Complaint was provided electronically to all parties named below on the 3rd day of November, 2011.

_____/s/ Harry H. Souvall_____

HARRY H. SOUVALL

Assistant Attorney General