CONSTANCE E. BROOKS
connie@cebrooks.com
C. E. Brooks & Associates P.C.
303 East 17th Avenue, Ste. 650
Denver, CO 80203
(303) 297-9100 (telephone)
(303) 297-9101 (facsimile)

J. MARK WARD (4436)
mark@uacnet.org
Utah Association of Counties
5397 South Vine Street
Salt Lake City, UT 84107
(801) 265-1331 (telephone)
(801) 265-9485 (facsimile)

Attorneys for Uintah County, *et al.*

HARRY H. SOUVALL (4919)
ANTHONY L. RAMPTON (2681)
ROGER R. FAIRBANKS (3792)
KATHY A. F. DAVIS (4022)
Assistant Attorneys General
SEAN D. REYES
Utah Attorney General
5110 State Office Building
P.O. Box 142477
Salt Lake City, UT 84114-2477
hsouvall@utah.gov
arampton@utah.gov
rfairbanks@utah.gov
kathydavis@utah.gov
Telephone: (801) 538-9687

Attorneys for the State of Utah

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UINTAH COUNTY, UTAH, a Utah political subdivision; *et al.*, <br><br> Plaintiffs; <br><br> vs. <br><br> Sally Jewell, in her official capacity as SECRETARY OF THE INTERIOR; *et al.*, <br><br> Defendants; <br><br> and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE; *et al.*, <br> Intervenor-Defendants. | **Civ. No.  2:10-cv-00970-DVB-BCW** <br><br> (***Lead Case***) <br><br> **PLAINTIFFS' JOINT MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION** |

| STATE OF UTAH,<br><br>                                Plaintiff,<br><br>v.<br>SALLY JEWELL, in her official capacity as<br>SECRETARY OF THE INTERIOR, et al.,<br><br>                           Defendants,<br>and<br><br>SOUTHERN UTAH WILDERNESS<br>ALLIANCE, *et al.*,<br><br>                    Intervenor-Defendants. | **Civ. No. 2:11-cv-00391-DVB**<br><br>**(*Consolidated*)** |
| --- | --- |

## TABLE OF CONTENTS

Page

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    RECONSIDERATION LIMITED TO DISCRETE SITUATIONS NOT SHOWN. . . . . . 2

II.   NO INTERVENING CHANGE IN CONTROLLING LAW. . . . . . . . . . . . . . . . . . . . . . 3

III.  DEFENDANTS CANNOT DEMONSTRATE CLEAR ERROR.. . . . . . . . . . . . . . . . . . 5

IV.   DEFENDANTS DO NOT OFFER NEW EVIDENCE.. . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **TABLE OF AUTHORITIES**

**CASES**                                                             **Page**

*Aldrich Enters., Inc. v. United States,* 938 F.2d 1134 (10th Cir. 1991). . . . . . . . . . . . . . . . . . . . 2

*Anderson v. United Auto Workers,* 738 F. Supp. 441 (D. Kan.1990).. . . . . . . . . . . . . . . . . . 2, 7

*Beehive Tel. Co., Inc. v. Sprint Commc'ns Co., L.P.,* 2010 WL 231776 (D. Utah 2010). . . . . . . 2

*Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941 (10th Cir. 1995). . . . . . . . . . . . . . . 2, 4

*Catron Cnty. Bd. of Comm'rs, New Mexico v. U.S. Fish & Wildlife Serv.,* 75 F.3d 1429 (10th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Christensen v. Park City Mun. Corp.,* 2011 WL 772434 (D. Utah 2011). . . . . . . . . . . . . . . . 2, 3

*Cochran v. Quest Software, Inc.,* 328 F.3d 1 (1st Cir. 2003). . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

*Defendants. Ellis v. United States,* 313 F.3d 636 (1st Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . 2, 6

*Ekotek Site PRP Comm. v. Self,* 932 F. Supp. 1319 (D. Utah 1996). . . . . . . . . . . . . . . . . . . . 2, 7

*Fla. Power & Light Co. v. Lorion,* 470 U.S. 729 (1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fye v. Oklahoma Corp. Comm'n,* 516 F.3d 1217 (10th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . 2

*In re Unioil, Inc.,* 962 F.2d 988 (10th Cir. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Klein-Becker USA, LLC v. All Web LLC,* 2007 WL 2084337 (D. Utah 2007). . . . . . . . . . . . . 2, 3

*Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682 (1949). . . . . . . . . . . . . . . 1, 2, 4

*Motion to Dismiss. Beehive Tel. Co., Inc. v. Sprint Commc'ns Co., L.P.,* 2010 WL 231776 (D. Utah 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*NL Indus., Inc. v. Commercial Union Ins. Cos.,* 938 F. Supp. 248 (D. N.J. 1996). . . . . . . . . . 2, 7

*Servants of Paraclete v. Does,* 204 F.3d 1005 (10th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. D'Armond,* 80 F. Supp. 2d 1157 (D. Kan. 1999). . . . . . . . . . . . . . . . . . . . . . . 2, 7

*United States v. Koerber,* 966 F. Supp.2d 1207 (D. Utah 2013). . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*Van Skiver v. United States,* 952 F.2d 1241 (10th Cir.1991). . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Veater v. Brooklane Apartments, LLC,* 2014 WL 1350153 (D. Utah 2014). . . . . . . . . . . . . . . 2, 5

*Wagoner v. Wagoner,* 938 F.2d 1120 (10th 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Wing v. Kendrick,* 2009 WL 2477639 (D. Utah 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Wyandotte Nation v. Salazar,* 939 F. Supp.2d 1137 (D. Kan. 2013). . . . . . . . . . . . . . . . . . . . . . . 6

**FEDERAL STATUTES**                                                          **Page**

5 U.S.C. §706. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

**INTRODUCTION**

Plaintiffs Uintah County and Utah Association of Counties (Uintah) and the State of Utah (State) respectfully submit this Opposition to Defendants' Motion for Partial Reconsideration of this Court's July 7, 2014 Order denying the Motions to Dismiss filed by Defendants' Department of the Interior *et al.* (DOI or Defendants) and Intervenors Southern Utah Wilderness Alliance *et al.* (SUWA).  DOI argued there, and again in the Motion for Partial Reconsideration, that (1) Plaintiffs' claims are impermissible programmatic challenges without any final agency action; and (2) Plaintiffs' *ultra vires* claims did not meet the exception outlined in *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949).  DOI's belated motion attempts to invoke the general discretion of this Court to review any interlocutory order but fails to identify any new evidence, intervening change in law, or any clear error made by the Court in its July 7 Order.[1]  This Court should, therefore, deny the Motion for Partial Reconsideration.

**STATEMENT OF FACTS**

1.    On July 8, 2011, DOI, ECF Nos. 66, 67, 68, and Intervenors Southern Utah Wilderness Alliance, *et al.* (SUWA) filed Motions to Dismiss and Supporting Memorandum.  ECF Nos. 69, 70.

---

[1]    DOI cites both Rule 59 and Rule 60 as grounds for reconsideration. ECF No. 201. To the extent that Rule 59 applies, DOI's motion is untimely as it was filed more than 28 days after this Court entered its July 7 Order (Aug. 20, 2014).  *See* Fed. R. Civ. P. 59.  To the extent that Rule 60 applies, DOI made no attempt to identify the grounds upon with a Rule 60 motion must be based.  *See* Fed. R. Civ. P. 60.

*Plaintiffs' Joint Opposition to DOI Partial Motion to*
                                                      *Reconsider Denial of Motion to Dismiss*

2.      Plaintiffs, Uintah County *et al*. and the State of Utah filed a motion for jurisdictional discovery. ECF No. 83. DOI and SUWA objected. ECF Nos. 97, 98.

3.      After oral argument, Judge Waddoups ordered DOI to provide the documents responsive to four discovery requests on July 3, 2012. ECF No. 131.

4.      Over the course of 21 months, DOI produced more than 150,000 pages of documents described as responsive to one of four discovery requests.

5.      Pursuant to stipulation, Plaintiffs filed amended complaints reflecting new evidence documented in the discovery. ECF Nos. 152, 153. Defendants and Intervenors filed a second motion to dismiss, ECF Nos. 158, 162, on September 17, 2013 and October 1, 2013, respectively. Plaintiffs filed opposition briefs on November 27, 2013, ECF Nos. 171, 172. Defendants filed a reply on January 17, 2014, ECF No. 182, and SUWA filed its reply February 14, 2014, ECF No. 187.

6.      This Court heard oral argument on June 6, 2014 and took the motions under advisement. On July 7, 2014, this Court denied both motions. ECF No. 197.

7.      On August 20, 2014, DOI filed a motion for partial reconsideration. ECF No. 201.

## ARGUMENT

I.      **RECONSIDERATION LIMITED TO DISCRETE SITUATIONS NOT SHOWN**

DOI's current motion is considered "an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner,* 938 F.2d 1120, 1122, n.1 (10th Cir.1991); *see also Fye v. Oklahoma Corp. Comm'n*, 516 F.3d 1217, 1224 (10th Cir. 2008); *In re Unioil, Inc.*, 962 F.2d 988,

*Plaintiffs' Joint Opposition to DOI Partial Motion to Reconsider Denial of Motion to Dismiss*

994 (10th Cir. 1992).  The Tenth Circuit recognizes only three grounds for reconsideration: "(1) an

intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need

to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005,

1012 (10th Cir. 2000); *Ekotek Site PRP Comm. v. Self,* 932 F. Supp. 1319, 1322 (D. Utah 1996).

Granting a motion for reconsideration is an extreme remedy reserved for rare circumstances,

*Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 944 (10th Cir. 1995).  A motion to

reconsider must, "among other things, present matter that is material and of such importance that it

would likely alter the outcome...." *Aldrich Enters., Inc. v. United States*, 938 F.2d 1134, 1143 (10th

Cir.1991).  DOI's motion is bereft of new law or evidence or any showing of clear error and flies in

the face of judicial economy, and should, therefore, be denied. *Christensen v. Park City Mun. Corp.*,

2011 WL 772434 (D. Utah 2011) ("judicial economy requires that reconsideration be limited to

situations where the Court 'misapprehended the facts, a party's position, or the controlling law.'").

## II.   <u>NO INTERVENING CHANGE IN CONTROLLING LAW</u>

Courts routinely deny motions for reconsideration when the movant merely rehashes

arguments already made to the court.  *Klein-Becker USA, LLC v. All Web LLC*, 2007 WL 2084337

(D. Utah 2007).  A motion to reconsider is not the appropriate vehicle for revisiting arguments

already presented and considered. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991).

With the exception of two paragraphs between pages 5 and 6 of their motion, DOI has cut

and pasted the first argument from in the motion to reconsider from the earlier motion to dismiss.

*Compare* ECF No. 201 at 3-8 *with* ECF No. 158 at 38-42.  DOI once again claims that BLM's *de*

*facto* wilderness management policy and mineral leasing withdrawal are not final agency action. ECF No. 201 at 3-8.  DOI appears to have changed introductory phrases, or single words, but DOI relies the same cases, for the same propositions, formulated with the same misguided rationale that this Court has already rejected.  Without any recent decision offered by a superior court or other change in the controlling legal precedent, DOI cannot demonstrate how the legal standards have now changed in its favor.  *Wing v. Kendrick*, 2009 WL 2477639 (D. Utah 2009) (new decision by Supreme Court did not change legal standard used in original order and therefore did not merit reconsideration).

DOI's second argument fares no better.  DOI once again cites the same cases, in the same order, for the same propositions, leading to a previously offered conclusion that this Court has already considered and rejected.  *Compare* ECF No. 201 at 8-10 *with* ECF No. 158 at 47-49. Specifically, Defendants reiterate their claim that the *Larson* doctrine "only applies where an agency lacks statutory authority", ECF No. 201 at 8, and "[b]ecause Defendants have acted within their statutory authority under FLPMA, the *Larson* exception is unavailable..."  ECF No. 158 at 47-48. With a premise from the Motion for Partial Reconsideration and a conclusion from the Motion to Dismiss, DOI has not offered any new evidence or intervening law and seek only to reiterate its prior position and to disagree with this Court's decision to deny Defendant's earlier Motion to Dismiss. *Beehive Tel. Co., Inc. v. Sprint Commc'ns Co., L.P.*, 2010 WL 231776 (D. Utah 2010) (mere disagreement with a court's decision is insufficient grounds for a motion to reconsider).  Without any intervening change in law, as indicated by the identical arguments and authorities offered by Defendants, this Court must deny Defendant's Motion for Partial Reconsideration.

*Plaintiffs' Joint Opposition to DOI Partial Motion to Reconsider Denial of Motion to Dismiss*

III.  **DEFENDANTS CANNOT DEMONSTRATE CLEAR ERROR**

As discussed above, motions for reconsideration should not be used as vehicles to reargue positions previously considered by the Court. *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). Even "when a party has failed to present its strongest case in the first instance . . . [a] Motion for Reconsideration cannot be used to correct this strategic error." *United States v. Koerber*, 966 F. Supp.2d 1207, 1212 (D. Utah 2013), *appeal dismissed* (Feb. 10, 2014). Thus, offering identical arguments without any explanation as to how the court erred in first instance will not justify granting a motion for reconsideration. *Id*.

DOI identifies two errors in the Court's July 7 order. DOI claims that (1) "the Court lacks jurisdiction over the Plaintiffs' programmatic claims" (ECF No. 201 at 7); and (2) "the Court lacks jurisdiction over Plaintiffs' *ultra vires* claims." (ECF No. 201 at 10). DOI, however, makes no attempt to explain these errors in anything other than conclusory terms. *Veater v. Brooklane Apartments, LLC*, 2014 WL 1350153 (D. Utah 2014) ("Plaintiffs mainly make conclusory arguments that the court erred in entering the February 18 Order and rehash many of the same arguments presented in opposing Defendants' motion to strike and supporting their motion to consider. Again, that is an insufficient basis for a motion to reconsider."). The Defendants previously argued these exact same positions and now offer no new rationale as to how the Court erred when it rejected those arguments.

DOI also attempts to argue that the "Court may find merit in revisiting its prior order" . . . "to avoid substantial difficulties for the parties and the Court in the future prosecution of the case"

*Plaintiffs' Joint Opposition to DOI Partial Motion to Reconsider Denial of Motion to Dismiss*

including the "real world implications" of establishing and managing an administrative record.  ECF No. 201 at 1.  DOI states that the Court had not considered this argument but the Motion to Dismiss belies this assertion since Defendants explicitly argued that "[a] case is not ripe for judicial review under the APA until the scope of the controversy has been reduced to more manageable proportions and its factual components fleshed out. . ."  ECF No. 158 at 50.  Thus, DOI clearly attempts to reargue the same or a substantially similar position, but regardless, DOI may not now offer a closely couched derivative as they flit from one argument to another "like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003) ("Litigation is not a game of hopscotch. It is generally accepted that a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling.").

DOI cannot, moreover, lean on alleged "substantial difficulties" in managing an administrative record when it is precisely the breadth and depth of the record upon which this Court must rely when reaching a decision on the merits.  *Wyandotte Nation v. Salazar*, 939 F. Supp.2d 1137, 1142 (D. Kan. 2013) (holding that in resolving claim brought under § 706(1) "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."); *see also  Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). BLM has already spent almost two years compiling documents and, as stated above, produced approximately 150,000 documents for review.  After

*Plaintiffs' Joint Opposition to DOI Partial Motion to Reconsider Denial of Motion to Dismiss*

having produced this volume of documents, DOI cannot now argue that the size of the record is a bar to review.

Nor is DOI able to demonstrate some manifest injustice – "a definite and firm conviction that a prior ruling on a material matter is unreasonable or obviously wrong" that will prejudice the Defendants. *Ellis v. United States*, 313 F.3d 636, 648 (1st Cir. 2002). To the contrary, and as argued previously by Plaintiffs, BLM's failure to comply with the APA created the injury to the Counties and the State. *See Catron Cnty. Bd. of Comm'rs, New Mexico v. U.S. Fish & Wildlife Serv.*, 75 F.3d 1429 (10th Cir. 1996) (Although the APA was not at issue in that case, the County's injury was analogous in that it resulted from "Secretarial failure substantively to consider the environmental ramifications of its actions in accordance with NEPA.").

DOI has provided no indication, let alone a definite and firm conviction, that the Court's July 7 order is obviously wrong and prejudicial against the Defendants. Mere inconvenience in the management of the case hardly satisfies the term injustice, let alone manifest injustice.

Since Defendants cannot demonstrate any clear error or manifest injustice and attempt to introduce a slightly new argument that should have been previously explained, the Court must deny Defendants Motion for Partial Reconsideration.

## IV.    DEFENDANTS DO NOT OFFER NEW EVIDENCE

Finally, a motion for reconsideration may also be granted when a party introduces new evidence that could not have been obtained earlier through the exercise of due diligence. *Ekotek Site PRP Comm.*, 932 F. Supp. at 1322 (citing *Anderson v. United Auto Workers*, 738 F. Supp. 441, 442

(D. Kan.1990)).  Defendants are not allowed, however, to "use a motion for reconsideration to present evidence that should have been raised before." *NL Indus., Inc. v. Commercial Union Ins. Cos.,* 938 F. Supp. 248, 249–50 (D. N.J. 1996).

Tellingly, Defendants do not cite a single new document or other evidence that would encourage a new analysis or a conclusion different than that already reached by this Court in its July 7, 2014 order. To the contrary, Defendants cite only to the Plaintiffs' complaints and the BLM's Decision Records that the Defendants and Plaintiffs have already exhaustively briefed and argued before this Court.  Defendant's failure to present new intervening law, clear error, and the lack of new evidence underscores the merits of this Court's July 7 order.

## CONCLUSION

This Court's rulings are not merely "first drafts, subject to revision" and constant reconsideration at the Defendants' pleasure. *United States v. D'Armond*, 80 F. Supp. 2d 1157, 1170 (D. Kan. 1999).  This Court has considered nearly 200 pages in argument alone, approximately 200 exhibits, and heard three hours of oral argument where questions were presented and answers were given.  After this exhaustive process, this Court denied Defendants' Motion to Dismiss in its July 7 Order.  Defendants now ask this Court to reverse itself without any basis such as a change in legal principles, new evidence, or clear error.  To the extent this Court considers arguments previously raised, Plaintiffs incorporate by reference their Memoranda in Opposition to the Federal Defendants' Motion to Dismiss, in which these same arguments were briefed and argued in opposition to the original Motion to Dismiss. To the extent BLM is having difficulty producing an administrative

record, any issues regarding the completeness of the administrative record, or any other similar

disputes can be brought before the Court by any of the parties at a later date.

On the basis of the above, a reversal is unwarranted and this Court should deny Defendants'

Motion for Partial Reconsideration.

Respectfully submitted this 15th day of September, 2014.

/s/   Constance E. Brooks                  /s/ Harry H. Souvall
CONSTANCE E. BROOKS                        Harry H. Souvall
CODY B. DOIG                               Anthony L. Rampton
DANIELLE HAGEN                             Roger R. Fairbanks
C. E. Brooks & Associates                  Kathy A. F. Davis
303 East 17th Avenue, Suite 650            Natural Resources Section
Denver, CO 80203                           Office of the Governor
(303) 297-9100                             Utah State Capitol Complex
                                           350 North State Street, Suite 200
J. MARK WARD #4436                         PO Box 142220
Utah Association of Counties               Salt Lake City, Utah 84114-2220
5397 South Vine Street                     Attorneys for the State of Utah
Salt Lake City, UT 84107
Attorneys for Uintah County, *et al.*


## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2014, I electronically filed the foregoing PLAINTIFFS
OPPOSITION TO THE DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION with
the Clerk of the Court using the CM/ECF system which will send notification of this filing to all
counsel of record.

/s/ Constance E. Brooks
CONSTANCE E. BROOKS

*Plaintiffs' Joint Opposition to DOI Partial Motion to*
                                           *Reconsider Denial of Motion to Dismiss*