CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
JARED C. BENNETT, Assistant United States Attorney (#9097)
185 South State Street #300
Salt Lake City, Utah 84111
tel: (801) 325-3259; fax: (801) 325-3261
jared.bennett@usdoj.gov

SAM HIRSCH, Acting Assistant Attorney General
SARA C. PORSIA, Trial Attorney
LUTHER L. HAJEK, Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
tel: (202) 305-0503 / (303) 844-1376
sara.porsia@usdoj.gov
luke.hajek@usdoj.gov

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| UINTAH COUNTY, UTAH, *et al.*, | Case No. 2:10-cv-970-DB-BCW |
| | Case No. 2:11-cv-391-DB-BCW |
| Plaintiffs, | (consolidated) |
| | |
| v. | **DEFENDANTS' REPLY IN SUPPORT** |
| | **OF MOTION FOR PARTIAL** |
| | **RECONSIDERATION OF THE** |
| S.M.R. JEWELL, Secretary, | **COURT'S JULY 1, 2014 ORDER** |
| U.S. Department of the Interior, *et al.*, | |
| Defendants, | |
| | |
| SOUTHERN UTAH WILDERNESS | |
| ALLIANCE, *et al.*, | |
| | |
| Intervenor-Defendants. | |

STATE OF UTAH,

      Plaintiff,

    v.

S.M.R. JEWELL, Secretary, U.S. Department
of the Interior, *et al.*,

      Defendants,

SOUTHERN UTAH WILDERNESS
ALLIANCE, *et al.*,

      Intervenor-Defendants.

## INTRODUCTION

The Court should reconsider its July 1, 2014 Order, in which it declined to dismiss two categories of non-justiciable claims. As Defendants explained in their opening brief, Plaintiffs claims alleging "*de facto* wilderness management" and "*de facto* mineral withdrawals" (the "programmatic claims") are directly contrary to Supreme Court precedent because they fail to challenge discrete and final agency action, as the Administrative Procedure Act ("APA") clearly requires. Plaintiffs' *ultra vires* claims are similarly devoid of merit because claims that an agency has misinterpreted and misapplied a statute it is charged with implementing can only proceed under the APA and subject to the APA's limitations. A plaintiff cannot avoid the APA's limitations by asserting that the agency's actions were *ultra vires*.

Plaintiffs do not contest these arguments in their response. Instead, they argue that the Defendants' motion is not properly presented under Federal Rules of Civil Procedure 59 and 60, and they urge the Court to simply ignore the legal errors identified in that motion. <u>See</u> Plaintiffs' Joint Memorandum in Opposition to Defendants' Motion for Partial Reconsideration ("Pl. Opp.") (ECF No. 213). The Court should reject Plaintiffs' arguments, and it should reconsider the issues before it because its original Order contains clear errors of law. Further, the interest of judicial economy weighs heavily in favor of reconsideration. Absent reconsideration, the litigation will be protracted and unmanageable. Granting reconsideration would allow the case to proceed in a more manageable fashion.

## ARGUMENT

The Court should reconsider its July 1, 2014 Order because the Court's decision to allow the Plaintiffs' programmatic and *ultra vires* claims to proceed was clear error. As an initial

matter, reconsideration is appropriate here because it is not clear that the Court reached these important issues in deciding the motions to dismiss.  A motion to reconsider is appropriate when a court does not address legal arguments made by the parties.  See United States v. Christy, 739 F.3d 534, 539-40 (10th Cir. 2014) (upholding the granting of a motion for reconsideration where "the court either misapprehended the government's original position, or else was in clear error in failing to address it at all.");[1] Klein-Becker USA, LLC v. All Web LLC, No. 2:05 CV 518 TC, 2007 WL 2084337, at *1 (D. Utah July 17, 2007) (a motion for reconsideration is appropriate to address "arguments that were previously raised but were overlooked by the Court").  In this case, the issues relating to the programmatic claims and the *ultra vires* claims were extensively briefed and argued, but the Court did not address either of them in its order.  See July 7, 2014 Order at 3 (providing only that "[j]urisdiction is properly before the court and Plaintiffs have met the standing and ripeness requirements as expressed in their briefs").  As the Tenth Circuit recently confirmed, this Court has ample discretion to revisit its decision and correct that oversight.  See Christy, 739 F.3d at 539-40.

Even if the Court had addressed Defendants' arguments in its opinion, however, reconsideration should be granted because Defendants have demonstrated that clear error exists here.[2]  The Court's decision allowing the Plaintiffs' claims alleging "*de facto* wilderness management" and "*de facto* mineral withdrawals" to proceed is directly contrary to Supreme

---

[1] Christy was a criminal case, but the Tenth Circuit applied case law governing motions for reconsideration in the civil context.  See 739 F.3d at 539.

[2] Plaintiffs argue that the motion is improper because it is not based on an intervening change in controlling law or new evidence.  See Pl. Opp. at 3-4, 7-8.  These arguments are beside the point because Defendants' motion was not based on a change in the law or new evidence – it was based on clear error, which is a legitimate basis for a motion to reconsider.  See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").

Court precedent prohibiting this type of broad programmatic challenge under the APA.  <u>See</u>
<u>Lujan v. National Wildlife Federation</u>, 497 U.S. 871, 891 (1990); <u>Norton v. S. Utah Wilderness</u>
<u>Alliance (SUWA)</u>, 542 U.S. 55, 64 (2004).  As explained in <u>Lujan</u>, "the flaws in the entire
'program' – consisting principally of the many individual actions referenced in the complaint,
and presumably actions yet to be taken as well – cannot be laid before the courts for wholesale
correction under the APA . . . ."  497 U.S. at 893.

Yet all of the Counties' claims and Utah's Ninth Claim do exactly that.  The very first
numbered paragraph of the Counties' complaint states, "Plaintiffs file this lawsuit to challenge
the Defendants' unlawful *de facto* wilderness management of an estimated six million acres of
public land in the State of Utah and managed by BLM."  Counties' Sec. Am. Compl. ¶ 1 (ECF
No. 152).  Thus, the Counties' entire complaint is programmatic by design, and so are all of their
claims.  <u>See</u>, <u>e.g.</u>, <u>id.</u> ¶ 164 (First Claim – alleging that "Defendants have implemented the *de
facto* wilderness management on Red Rock and LWC areas by rejecting expressions of interest
across the board"); ¶ 179 (Second Claim – alleging the BLM has deferred parcels from leasing
"across the board" based on *de facto* wilderness management); ¶ 192 (Third Claim – alleging *de
facto* wilderness management); ¶ 199 (Fourth Claim – alleging "across-the-board *de facto*
wilderness management"); ¶ 208 (Fifth Claim – alleging that "so-called mineral leasing reform
has closed an estimated 2.5 million acres of public land for mineral leasing"); ¶ 223 (Sixth Claim
– alleging that "Defendants' management effects a *de facto* withdrawal of more than 385,000
acres of public lands in Uintah County, and an estimated six million acres of public lands
statewide."); ¶ 243 (Seventh Claim – alleging "across-the-board rejections of mineral lease sale
nominations and Title V applications occurring in Uintah County"); ¶ 259 (Eighth Claim –
alleging "across the board revisions of the RMPs").  Utah's Ninth Claim for relief also

challenges alleged *de facto* wilderness management.  See Utah's First Am. Compl. ¶¶ 250-51 (ECF No. 153).  The Plaintiffs' claims alleging "across the board" *de facto* management changes governing "millions of acres" are precisely the kind of programmatic challenges that are not permitted under the APA and should be dismissed.

Similarly, the Court's decision allowing *ultra vires* claims to proceed is directly contrary to controlling Supreme Court and Tenth Circuit precedent.  An *ultra vires* claim may only proceed if the applicable legal officials have taken actions outside of their legally delegated authority.  By contrast it may not proceed if those officials have merely misinterpreted and misapplied the law.  See Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 690-91 (1949).  The Tenth Circuit has explained the distinction between a claim alleging improper application of authority (which can only be brought under the APA) and a claim alleging the absence of delegated authority (an *ultra vires* claim).  See Wyoming v. United States, 279 F.3d 1214, 1230 (10th Cir. 2002); Painter v. Shalala, 97 F.3d 1351, 1358 (10th Cir. 1996).  Plaintiffs' claims fall squarely within the former category.  Accordingly, Plaintiffs could bring those claims only under the APA, and therefore the existing claims must be dismissed.

Notably, Plaintiffs do not dispute the legal principles set forth in Lujan, SUWA, Larson, Wyoming, and Painter.  Nor do they present any arguments that the claims in this case are materially different from the claims that were dismissed in those cases.  Instead, they argue that Defendants' motion is improper because it raises arguments that were made previously.  See Pl. Opp. at 5-6.  Plaintiffs' interpretation of the law regarding motions to reconsider is incorrect. While a motion to reconsider should not merely rehash arguments that were raised or could have been made before, a litigant is not precluded from moving the court to reconsider issues that were previously argued based on clear error.  See Servants of the Paraclete, 204 F.3d at 1012.

Indeed, numerous courts within the Tenth Circuit have granted motions to reconsider with respect to issues that were previously argued in order to correct clear error.  See, e.g., Owner-Operator Indep. Drivers Ass'n v. England, No. 2:02-CV-950 TS, 2013 WL 588893, at *6 (D. Utah Feb. 11, 2013) ("[T]he fact that the Court has already ruled on Defendant's objection does not preclude it from relitigating the issue. . . .  one of the grounds for a motion to reconsider, the need to correct clear error, is at issue and it is appropriate for the Court to consider this issue de novo."); Johnson v. Riddle, No. 298-CV-599 TS, 2007 WL 1732400, at *1 (D. Utah June 14, 2007) (granting a motion to reconsider and ultimately certifying the issue for consideration by the Utah Supreme Court); Carroll v. Gradient Fin. Grp., No. 12-cv-2477-JAR-JPO, 2014 WL 1094439, at *3 (D. Kan. Mar. 19, 2014) (granting a motion to reconsider the dismissal of a discrimination claim on the basis of clear error).  Accordingly, the Court can and should grant Defendants' request to reconsider clear errors of law.

Plaintiffs also suggest that Defendants' motion was untimely, because a motion for reconsideration under Federal Rule of Civil Procedure 59 must be filed within 28 days of the relevant court order.  See Pl. Opp. at 1 n.1.  This argument fails because motions to reconsider after 28 days are automatically deemed to arise under Rule 60, and Rule 60 does not contain a 28-day deadline.  See Fed. R. Civ. P. 60.  Moreover, while Plaintiffs complain that Defendants did not identify any grounds for a Rule 60 motion, see Pl. Opp. at 1 n.1, that Rule clearly states that a party may seek reconsideration based on "any . . . reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  Thus, assertions of clear legal error are an appropriate basis for reconsideration regardless of whether a motion is filed under Rule 59 or 60.

Finally, Plaintiffs' objection to Defendants' discussion of case management issues is misplaced.  See Pl. Opp. at 6-7.  The basis for the motion to reconsider is clear error, which, as

explained above, is an appropriate basis for such a motion.  Issues related to judicial economy

may, however, be considered by the Court in exercising its inherent authority to reconsider a

prior interlocutory order.  See Pl. Opp. at 3 (arguing that Defendants' motion "flies in the face of

judicial economy" and thus conceding that judicial economy is a relevant consideration).  The

Court should consider such factors in this case because the Court's resolution of the issues raised

in the motion to reconsider will have significant implications for the management and resolution

of this case.

 This litigation began nearly four years ago.  As Plaintiffs acknowledge, BLM has

produced approximately 150,000 pages of documents over the course of two years.  See Pl. Opp.

at 6.  If the *ultra vires* claims are allowed to proceed, the Court should expect more of the same.

Despite the time and effort that BLM has expended to produce documents, purportedly for

jurisdictional purposes, Plaintiffs reserve the right to conduct even more discovery.  Thus,

judicial economy would be served if this Court reconsidered its prior Order and dismissed those

non-justiciable claims.

 But more than just judicial economy and the convenience of the parties and the Court are

at issue.  Because there is no legal basis for Plaintiffs' programmatic claims, there are also no

authorities, guidance, or procedures for litigating such claims.  The Supreme Court has made

clear that the focal point for judicial review under the APA "should be the administrative record

already in existence, not some new record made initially in the reviewing court."  Camp v. Pitts,

411 U.S. 138, 142 (1973).  The compilation of an administrative record, however, only makes

sense in the context of claims directed at discrete, final agency actions because the administrative

record, by definition, contains only the documents considered by the agency during the

decisionmaking process underlying such actions.  See, e.g., New Mexico ex rel. Richardson v.

BLM, 565 F.3d 683, 713-14 (10th Cir. 2009).  Because Plaintiffs' claims challenge a "program" instead of discrete agency decisions, Defendants have no way of preparing an administrative record for those claims, and this Court will have no way of reviewing those claims "on the record" as the APA and Supreme Court precedent require.  In short, Plaintiffs' programmatic claims are unmanageable, in addition to being non-justiciable.  This Court should reconsider its Order and dismiss those claims.

## CONCLUSION

For all of the reasons discussed above and in Defendants' motion, Defendants respectfully request that the Court reconsider its July 1, 2014 Order, in part, and that it grant Defendants' motions to dismiss Utah's First, Fifth and Ninth Causes of Action and all of the Counties' claims because Plaintiffs have failed to meet their burden to demonstrate that the Court has subject matter jurisdiction over these claims.

Respectfully submitted this 26th day of September, 2014.

CARLIE CHRISTENSEN
Acting United States Attorney
JARED C. BENNETT
Assistant United States Attorney (#9097)

SAM HIRSCH
Acting Assistant Attorney General

SARA C. PORSIA (pro hac vice)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
tel: (202) 305-0492; fax: (202) 305-0506
sara.porsia@usdoj.gov

*/s/ Luther L. Hajek*_____
LUTHER L. HAJEK (pro hac vice)

Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street
South Terrace, Suite 370
Denver, CO 80202
tel: (303) 844-1376; fax: (303) 844-1350
luke.hajek@usdoj.gov

Attorneys for the Federal Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record.

/s/ *Luther L. Hajek*
Luther L. Hajek
Trial Attorney
U.S. Department of Justice