IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UINTAH COUNTY, UTAH, *et al.*,<br><br>                Plaintiffs,<br>v.<br><br>S.M.R. JEWELL, Secretary, U.S. Department of the Interior, *et al.*,<br><br>                Defendants,<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE, *et al.*,<br><br>                Intervenor-Defendants. | **MEMORANDUM DECISION AND ORDER SUSTAINING PLAINTIFFS' JOINT OBJECTIONS TO THE ORDER OF THE MAGISTRATE JUDGE & GRANTING PLAINTIFFS' MOTION TO COMPEL**<br><br>Civil No. 2:10-cv-00970-DB-BCW (Lead Case)<br><br>Civil No. 2:11-cv-00391-DVB (Consolidated)<br><br>District Judge Dee Benson |

Before the Court are Plaintiffs' Joint Objections to the Order of the Magistrate Judge Denying the Motion to Compel Completion or Supplementation of the Administrative Record. (Dkt. No. 266). On April 29, 2016, pursuant to DUCivR 72-3, the Court ordered the Agency and Intervenor-Defendants to respond to Plaintiffs' Joint Objections. (Dkt. No. 270.) Having reviewed the parties' briefs and the relevant law, the Court renders the following Memorandum Decision and Order.[1]

## BACKGROUND

This case involves challenges to the Bureau of Land Management's ("BLM" or "the Agency") management of an estimated six million acres of public land in the State of Utah. Plaintiffs challenge the legality of the Department of the Interior's Secretarial Order 3310, the BLM's Instruction Memorandums 2010-117 and 2011-154, and portions of the BLM handbook

---

[1] Pursuant to DUCivR 7-1(f), the Court elects to determine Plaintiffs' Joint Objections on the basis of the written memorandum and finds that oral argument would not be helpful or necessary.

relating to certain policies of land management. Additionally, Plaintiffs allege that the Agency has engaged in and is currently engaging in *de facto* wilderness management and *de facto* mineral leasing withdrawal in violation of the Wilderness Act of 1964, the Federal Land Policy and Management Act of 1976, the National Environmental Policy Act, and the Administrative Procedures Act ("APA"). Additionally, Plaintiffs contend that the Agency's *de facto* wilderness management practices violate several existing BLM Resource Management Plans.

Critical to Plaintiffs' Motion to Compel is the complex procedural history of this case. Plaintiffs filed their original complaints in late 2010 (Case No. 2:10-cv-970, Dkt. No. 2) and early 2011 (Case No. 2:11-cv-391, Dkt. No. 2). After the Plaintiffs' cases were consolidated, the Agency and Intervenor-Defendants moved to dismiss the Plaintiffs' complaints. (Dkt. Nos. 66, 67, 69.) The various motions to dismiss argued Plaintiffs lacked standing, failed to allege a final or ripe agency action, asserted improper programmatic claims, and failed to state a claim upon which relief may be granted. (*See, e.g.*, Dkt. No. 66, ¶¶ 1–5.) Plaintiffs did not oppose the motions to dismiss. Instead, Plaintiffs moved for and received jurisdictional discovery. (Dkt. Nos., 83, 131.)

After Plaintiffs completed jurisdictional discovery, Plaintiffs filed amended complaints. (Dkt. Nos. 152, 153.) Subsequently, the Agency and Intervenor-Defendants moved to dismiss the amended complaints on similar jurisdictional grounds as the original motions to dismiss. (Dkt. Nos. 158, 162.)

On July 1, 2014, the Court denied the Agency's and Intervenor-Defendants' motions to dismiss. (Dkt. No. 197.) The Court held that the Plaintiffs had met the "standing and ripeness requirements" for jurisdiction. (*Id.* at p. 3.) Additionally, the Court held that Plaintiffs "properly pled a claim upon which relief may be granted." (*Id.*)

Subsequently, the Agency motioned for the Court to reconsider its July 1, 2014, order. (Dkt. No. 201.) Additionally, Intervenor-Defendants motioned for the Court to certify the jurisdictional issues presented to the Tenth Circuit pursuant to 28 U.S.C. § 1292(b). (Dkt. No. 208.) The Court denied both motions, fining that the Agency failed to provide the Court grounds to reconsider its prior order. (Dkt. No. 225.) Additionally, the Court found that Intervenor-Defendants failed to meet the requirements of 28 U.S.C. § 1292(b). (Dkt. No. 224.)

On March 20, 2015, the Agency conventionally filed the administrative record. On July 17, 2015, Plaintiffs, unsatisfied that the administrative record was complete, filed a Motion to Compel the Completion of the Administrative Record. (Dkt. No. 238.) In the alternative, Plaintiffs requested that the Court order supplementation of the administrative record or order limited discovery to determine whether the administrative record is complete. (*Id.* at 22.)

Plaintiffs' Motion to Compel was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. Nos. 92, 122.) On March 24, 2016, the Magistrate Judge denied the Plaintiffs' Motion to Compel. (Dkt. No. 263.) The Magistrate Judge held that in light of the Supreme Court's decision in *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990), Plaintiffs had not demonstrated that the administrative record was incomplete. (*Id.* at 9.) Specifically, the Magistrate Judge found that the materials the Plaintiffs claimed were excluded from the administrative record in error were not tied to discrete final agency actions as required by the APA. (*Id.* ("Under the principles set forth in *Lujan*, however, the court finds that the materials in the administrative record must be tied to an agency action. Plaintiffs have failed to meet this requirement . . . .")). Additionally, the Magistrate Judge held that Plaintiffs failed to establish one of the Tenth Circuit's narrow exceptions that would permit the Court to order

supplementation of the administrative record. (*Id.*)  On April 7, 2016, Plaintiffs filed a timely objection to the Magistrate Judge's Order. (Dkt. No. 266.)

## STANDARD OF REVIEW

The parties in this case dispute what standard of review should apply to the Magistrate Judge's Order denying Plaintiffs' Motion to Compel.  Plaintiffs contend that by defining the administrative record to preclude certain claims, the Magistrate Judge made a dispositive determination that should be reviewed de novo. (Dkt. No. 266, p. 11–12.)  The Agency and Intervenor-Defendants counter that the scope of the administrative record is a non-dispositive determination, which should be overturned only if the Court finds the Order was "clearly erroneous or contrary to law." (Dkt. No. 275, p. 11; Dkt. No. 276, p. 3.)

Pursuant to 28 U.S.C. § 636(b)(1)(A), a district court "may designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for eight enumerated motions that are considered to be dispositive of a party's claims.  Under Rule 72(a) of the Federal Rules of Civil Procedure, when a party objects to a magistrate judge's ruling on a non-dispositive matter, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Conversely, under 28 U.S.C. § 636(b)(1)(B), a magistrate judge may hear dispositive motions and make proposed findings of fact and recommendations to the district court.  Under Rule 72(b)(3), a "district judge must determine de novo any part of the magistrate judge's [dispositive] disposition that has been properly objected to."  Rule 72(b)(3) allows the Court to "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."

"Notwithstanding Rule 72's clear division between dispositive and non-dispositive matters, . . . 'motions not designated on their face as [dispositive] are nevertheless to be treated

4

as such a motion when they have an identical effect.'" *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988)). For example, when a magistrate judge denies a party leave to amend, which "has the identical effect as an order dismissing potential claims and parties from the suit, the court shall make a de novo determination upon the record." *Cuenca v. Univ. of Kansas*, 205 F. Supp. 2d 1226, 1228–29 (D. Kan. 2002). Similarly, when a magistrate judge strikes a party's pleadings for discovery abuses—eliminating a cause of action against one party—the Court reviews de novo the magistrate judge's decision. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1463 (10th Cir. 1988).

The Court finds that the Magistrate Judge's Order denying Plaintiffs' Motion to Compel is a dispositive determination that is reviewed de novo. The Magistrate Judge narrowly interpreted the Court's prior orders to prevent Plaintiffs from effectively pursuing their *de facto* wilderness management claims and *de facto* mineral leasing withdrawal claims. The Magistrate Judge also narrowly defined the scope of the administrative record on jurisdictional grounds pursuant to *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Accordingly, the Magistrate Judge exceeded the scope of the Court's 28 U.S.C. § 636(b)(1)(A) referral. Viewed in the context of the Court's prior determinations, the Magistrate Judge lacked authority to decide that the administrative record was complete on jurisdictional grounds. Accordingly, the Court reviews de novo Plaintiffs' Motion to Compel.

## DISCUSSION

The Court characterizes the Agency's and Intervenor-Defendants' opposition to Plaintiffs' Motion to Compel as beating a dead horse, so to speak. During the motion to dismiss phase of this case, the Agency and Intervenor-Defendants contended that the Plaintiffs had failed

to challenge discrete final agency actions as required by the APA. The Agency and Intervenor-Defendants argued that the Plaintiffs' *de facto* wilderness management claims and *de facto* mineral leasing withdrawal claims were programmatic challenges found to be nonjusticiable in *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990).[2] The Court, on two occasions, rejected these arguments. (Dkt. Nos. 197, 225.) The Court expressly rejected the Agency's contention that Plaintiffs have failed to plead discrete final agency actions as required by the APA. The Court held that Plaintiffs had standing, both statutorily and constitutionally, to pursue their claims against the Agency. (Dkt. No. 197, p. 3.) Additionally, the Court held that Plaintiffs had met the pleading demands of Rule 12(b)(6) of the Federal Rules of Civil Procedure. (*Id.*) Accordingly, Plaintiffs' Motion to Compel should only be denied if the Court finds that Plaintiffs have failed to show by "clear evidence" that the administrative record logged by the Agency is incomplete.

Under § 706(2)(A) of the APA, a district court reviews an agency action to determine if it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "A review under this standard is generally based on the full administrative record that was before all [agency] decision makers . . . at the time of the decision." *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739–40 (10th Cir. 1993) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971)). The administrative record "consists of all

---

[2] (*See* Dkt. No. 68, p. 43 ("None of Plaintiffs' claims challenging BLM's policies challenge discrete final agency action under the APA and instead are broad programmatic challenges that are barred by the Supreme Court's opinions in *Lujan* and *SUWA*."); Dkt. No. 162, p. 38 ("Instead of challenging a specific or identifiable decision, rule or order, Plaintiffs seek exactly the type of wholesale changes in BLM management that are foreclosed by Supreme Court precedent."); Dkt. No. 158, p. 51 ("All of the claims asserted in the Counties' Second Amended Complaint, as well as Utah's Ninth Cause of Action, either challenge what Plaintiffs term a 'de facto wilderness management' policy or an alleged 'de facto mineral leasing withdrawal.' . . . None of these claims challenges a discrete final agency action under the APA and instead are broad programmatic challenges that are barred by the Supreme Court's opinions in *Lujan* and *SUWA*."); Dkt. No. 201, p. 4 ("Rather than challenge discrete final agency actions, as required by the APA, Plaintiffs have chosen to challenge BLM's management wholesale, which is prohibited by clear Supreme Court precedent in *Lujan v. National Wildlife Federation*, 497 U.S. 871, 891 (1990) and *Norton v. S. Utah Wilderness Alliance* (SUWA), 542 U.S. 55, 64 (2004).").)

documents and materials directly or indirectly considered by the agency." *Id.* at 739 (citations omitted). "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973).

"[T]he designation of the [a]dministrative [r]ecord, like any established administrative procedure, is entitled to a presumption of administrative regularity." *Bar MK Ranches*, 994 F.2d at 740. Absent clear evidence to the contrary, the Court presumes that an agency has "properly designated its record." *Ctr. for Native Ecosystems v. Salazar*, 711 F. Supp. 2d 1267, 1275 (D. Colo. 2010). To overcome this presumption and show the record is incomplete, the challenger must set forth: "(1) when the documents were presented to the agency; (2) to whom; (3) and under what context." *Id.* Additionally, despite the deference given to an agency in defining the administrative record, "[a]n agency may not unilaterally determine what constitutes the [a]dministrative [r]ecord." *Bar MK Ranches*, 994 F.2d at 739 (citing *American Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 539 (1981)). Similarly, the agency "may not skew the record by excluding unfavorable information but must produce the full record that was before the agency at the time the decision was made." *Blue Ocean Institute v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007).

Plaintiffs argue that the Agency has failed to include over 400 documents in the administrative record related to the agency actions challenged by the Plaintiffs. Specifically, Plaintiffs seek to include the following in the administrative record: 40 Expressions of Interest in Leasing, 45 individual maps, six maps and associated internal memoranda which establish that the BLM "removed nominated parcels in citizen proposed wilderness," documents that contain a "checklist or discussion documenting direction not to offer any nominated parcels in citizen

proposed wilderness," 120 separate emails and 32 letters "discussing various management issues pertaining to the citizen-proposed wilderness areas," and documents and maps regarding the Agency's decisions about rights-of-way, road maintenance, and the issuance of leases. (*See* Dkt. No. 238, p. 14–22.)

Conversely, the Agency argues that these materials are not part of the administrative record because Plaintiffs fail to identify any specific agency action to which the requested documents relate. (Dkt. No. 275, p. 3.) The Agency readily admits it precluded any documentation related to Plaintiffs' *de facto* wilderness management claims and *de facto* mineral withdrawal claims. (*Id.* at 2.)

The Court finds that Plaintiffs have carried their burden to show the administrative record is incomplete. In Exhibit M to Plaintiffs' Motion to Compel, the Plaintiffs outline each document missing from the Agency's compilation, how the document was presented to the Agency, and in what context the Agency used or received the documentation. Additionally, Plaintiffs' amended complaints delineate several discrete agency determinations related to the Plaintiffs' *de facto* wilderness management claims and *de facto* mineral withdrawal claims. (*See, e.g.*, Dkt. No. 152, ¶¶ 97–98.) For example, Plaintiffs allege:

> All LWCs in the Vernal Resource Area are now managed pursuant to *de facto* wilderness management under post-S.O. 3310 direction and include 277,596 acres of non-WSA lands evaluated for wilderness characteristics, of which 171,418 acres were not selected for management of those characteristics in the final Approved RMP/ROD. These lands include the following individual units: Bitter Creek, Cripple Cowboy, Desolation Canyon, Hells Hole Canyon, Hideout Canyon, Lower Bitter Creek, Mexican Point, Rat Hole Ridge, Sweet Water Canyon, White River (a part thereof), and Wolf Point.

Based on the Court's prior rulings, Plaintiffs are entitled to the administrative record before the Agency wherein the Agency decided to evaluate Bitter Creek, Cripple Cowboy, Desolation Canyon, etc. for wilderness characteristics. Similarly, Plaintiffs allege:

> On March 30, 2011, Carbon County, the Utah Department of Agriculture, and the Utah Division of Wildlife Resources sought permission to conduct sage grouse mitigation in a sagebrush flat area of Carbon County by using mechanical means to take out older sections of sagebrush to improve the area for sage grouse habitat. The local BLM office, through its wildlife biologist, rejected this request because the area was considered Wild Lands under Order 3310. This action harmed Utah's ability to manage wildlife, improve sage grouse habitat and constitutes implementation of Order 3310. Even after the June 1, 2011 memorandum placing Order 3310 in abeyance, the BLM still refuses to allow this habitat mitigation to proceed, thereby effectively managing for Wilderness in an area not subject to any restrictions on current BLM RMPs.

(Dkt. No. 153, ¶ 142.) The Plaintiffs are entitled to the administrative record before Agency decision makers wherein the Agency rejected Plaintiffs' request to engage in habitat mitigation.

Additionally, Plaintiffs allege:

> Many individuals and companies have nominated parcels of oil and gas lease sales within the Vernal RMP since 2008. BLM has rejected all nominations if located in Red Rock areas, CWPs or now LWCs, even if those areas had been classified as suitable and available for oil and gas leasing in the Vernal RMP.

(Dkt. No. 151, ¶ 100.) Plaintiffs go on to identify several nominations records and sales records that Plaintiffs claim show the Agency, since 2009, has cart blanch excluded certain public lands from oil and gas leasing. (*Id.* at ¶ 102.) Again, the Plaintiffs are entitled to the full administrative record before the Agency wherein the Agency denied natural resource leasing to these parcels.

Whether the Court characterizes the Plaintiffs' *de facto* wilderness management claims and *de facto* mineral withdrawal claims as direct challenges or as applied challenges, the Court is satisfied that the documentation identified by the Plaintiffs is part of the administrative record. The Agency may disagree with the Court's characterization of Plaintiffs' claims; however, the Agency may not skew the record to preclude claims the Agency deems impermissible.

## CONCLUSION

The Court expresses no opinion as to whether, ultimately, Plaintiffs' claims against the Agency will be successful. The Court's previous rulings allowed Plaintiffs' case to survive the Agency's and Intervenor-Defendant's motions to dismiss pursuant to Rule 12(b)(6). Those rulings did not determine whether there had been final agency action, only that such had been properly pled. Nor did those rulings make any determinations as to the scope of the administrative record. After a review of the entire record upon which the Agency made its decisions, if a motion for summary judgment is filed, the Court may, or may not, conclude that there was final agency action under the APA. The Court is merely satisfied at this juncture that the Magistrate Judge exceeded her authority and that Plaintiffs have carried their burden to show that the administrative record logged by the Agency is incomplete. If there are any further discovery disputes about the scope of the administrative record after this opinion is issued, they should be directed to the district judge.

Plaintiffs' Joint Objections to the Order of the Magistrate Judge Denying Plaintiffs' Motion to Compel Completion or Supplementation of the Administrative Record (Dkt. No. 266) are SUSTAINED. The Court VACATES the Magistrate Judge's March 23, 2016, Order denying Plaintiffs' Motion to Compel. (Dkt. No. 263.) Plaintiffs' Motion to Compel (Dkt. No. 238) is GRANTED.

Dated: August 11, 2016.

BY THE COURT:

Dee Benson
United States District Judge